JORGE TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 4126-78.
United States Tax Court
T.C. Memo 1988-411; 1988 Tax Ct. Memo LEXIS 443; 56 T.C.M. (CCH) 26; T.C.M. (RIA) 88411; September 1, 1988. Jorge Taylor, pro se. Michael Menillo, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654(a)
1971
$   5,035
$  2,517
160
1972
159,940
79,970
5,118
1973
160,129
80,065
5,124
1974
161,115
80,558
5,152
*444 The issues for decision are: (1) Whether petitioner received unreported taxable income in the amount of $ 20,000 for 1971 and $ 250,000 for each of the taxable years 1972, 1973, and 1974; (2) whether petitioner is liable for additions to tax for fraud under section 6653(b); and (3) whether petitioner is liable for additions to tax under section 6654(a). On May 16, 1988, respondent filed a request for admissions which was served on petitioner. Petitioner failed to respond to this request for admissions. Accordingly, for purposes of this proceeding, each matter in respondent's request for admissions is deemed to be admitted and conclusively established. Rule 90(c), (f). The following findings of fact are based upon the entire record, including the deemed admissions and the evidence presented at trial. FINDINGS OF FACT Petitioner resided in Toronto, Canada when he filed his petition in this case. During the years 1971 through 1974 petitioner was engaged in pimping activities whereby he acted as an agent for, and received money from, various prostitutes. During this period petitioner had as many as 15 prostitutes working for him at one time. The prostitutes who worked for *445 petitioner paid their own expenses, including but not limited to, rent, telephone, utilities, lawyers, bail, clothes, food, and paid the remainder of their receipts from prostitution to petitioner. Petitioner received taxable income from his pimping activities in the amount of $ 20,000 for 1971 and $ 250,000 for each of the taxable years 1972, 1973, and 1974. Petitioner failed to maintain or submit for examination by respondent, complete and adequate books of account and records of his pimping activities for the taxable years 1971 through 1974. During the year 1974, petitioner was the president and part owner of Dee Gee Boutique, Inc. D/B/A Caplan and Taylor (hereinafter referred to as Dee Gee Boutique). He received taxable income of $ 1,300 from Dee Gee Boutique in 1974. Petitioner held his position with Dee Gee Boutique to show a legitimate source of income. Petitioner did not file Federal income tax returns for the taxable years 1971 through 1974. Petitioner's failure to file income tax returns and to report his correct income for the taxable years 1971 through 1974 was due to fraud with intent to evade tax. Sec. 6653(b). OPINION The first issue is whether petitioner *446 received unreported taxable income in the amount of $ 20,000 for 1971 and $ 250,000 for each of the taxable years 1972, 1973, and 1974. The deemed admissions establish that petitioner received this unreported income. Petitioner failed to present any evidence at trial on this issue. Petitioner has failed to meet his burden of proof with respect to the disputed deficiency. Rule 142(a). Respondent is sustained on this issue. The second issue is whether petitioner is liable for an addition to tax for fraud under section 6653(b) for the taxable years at issue. Respondent has the burden of proving that some part of an underpayment was due to fraud. Sec. 7454(a); Rule 142(b); . He must carry that burden of proof by clear and convincing evidence. . Respondent may meet his burden by showing that the taxpayer intended to evade a tax known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of this tax. . Fraud is a question of fact to be resolved upon consideration *447 of the entire record. , affd. without published opinion . Petitioner presented no evidence as to the issue of fraud. Respondent's evidence consisted of the deemed admissions and the testimony of Fred Borakove, an agent of the Criminal Investigation Division of the Internal Revenue Service. Mr. Borakove testified about his investigation of petitioner during 1975. Mr. Borakove testified that during this investigation petitioner admitted that he was a pimp and that he earned the amounts respondent now seeks to include in petitioner's income. Mr. Borakove testified that petitioner told him that petitioner's reason for not filing returns for the years in issue was that he did not want to disclose his income from pimping activities. We found Mr. Borakove's testimony credible. Further, petitioner's deemed admissions establish an underpayment for each year and that some part of an underpayment for each year was due to fraud. Deemed admissions alone may be sufficient to satisfy respondent's burden of proof on the issue of fraud. . *448 We find from the facts deemed admitted, as well as the other evidence presented, that respondent has met his burden of proof on the issue of fraud. The final issue is whether petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated tax. Petitioner earned income during the years 1971 through 1974 which he failed to report and on which he paid no tax. Petitioner has not shown that the computational exceptions of section 6654(d) apply. Accordingly, the addition to tax under section 6654 is mandatory. . Respondent is sustained on this issue. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code, as amended and as in effect during the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩